UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHEN DIVISION
at COVINGTON

Civil Action No. 12-127-HRW

DARYL WOOD, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for supplemental security income benefits on February 17, 2009, alleging disability beginning on January 2, 2009, due to heart problems, high blood pressure, thyroid problems, emphysema, problems with his legs, right arm, and shoulder, and diabetes (Tr. 235, 242, 250).

This application was denied initially and on reconsideration (Tr. 94-106, 113-115).

On January 31, 2011, an administrative hearing was conducted by Administrative Law Judge Larry Temin (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Robert Breslin, a vocational expert (hereinafter "VE"), also appeared.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
> 
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
> 
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
> 
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
> 
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant

numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ determined that Plaintiff was not disabled (Tr. 18-26). Plaintiff was 51 years old on the date the application was filed (Tr. 18-26, 200). Plaintiff has a ninth grade (limited) education (Tr. 60) and past relevant work experience as a truck driver (Tr. 64, 236-237).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of his application for benefits (Tr. 20).

The ALJ then determined, at Step 2, that Plaintiff suffers from obesity, left knee degenerative changes, bilateral lower extremity neuropathy, chronic venous congestion of the lower extremities, diabetes mellitus II and atrial fibrillation, which he found to be "severe" within the meaning of the Regulations (Tr. 20-21).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 21). In doing so, the ALJ specifically considered listings 1.02, 9.08 and 4.11 (Tr. 21).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 25) but determined that he has the residual functional capacity ("RFC") to perform work at the light exertional level with certain restrictions (Tr. 21).

Specifically, the ALJ found that Plaintiff could sit up to six hours during an eight hour workday, stand and walk up to six hours during an eight hour workday, two hours at a time with the option to sit for five minutes, occasionally stoop, kneel, crouch, and climb ramps or stairs, but could not crawl, balance, or climb ladders/ropes/scaffolds (Tr. 21). The ALJ also determined Plaintiff should avoid work around unprotected heights, hazardous machinery, or concentrated exposure to fume (Tr. 21).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 25-26). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 16 and 20] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

B.  **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because the ALJ improperly discounted the opinion of his treating physician, Dr. Soumya Janarnden. He also contends that remand is warranted in order to consider medical evidence submitted to the Appeals Council, after the ALJ issued

5

his decision.

## C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that ALJ improperly discounted the opinion of his treating physician, Dr. Soumya Janarnden.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In September 2010, Dr. Janarnden completed a Medical Assessment of Ability to Do Work-Related Activities (Physical)(Tr. 361-63). Dr. Janarnden found that Plaintiff could lift occasionally 5-10 pounds, frequently lift very little weight (Tr. 361). She cited Plaintiff's left knee tenderness, tender left heel, right shoulder pain, finger stiffness, chronic back pain, and elevated rheumatoid factor support for her findings (Tr. 361). Dr. Janarnden also found Plaintiff could stand and walk for 1.5 hours, and stand and walk without interruption for less than fifteen minutes (Tr. 361). She also found Plaintiff could sit for 10-15 minutes without interruption but could never climb, stoop, kneel, balance, crouch, crawl

(Tr. 362). Dr. Janarnden said that Plaintiff's impairments affected his ability to reach, push, and pull (Tr. 362). She also said that Plaintiff's balance was risky due to neuropathy in his feet, which affected his ability to work around heights (Tr. 363). In sum, Dr. Janarnden suggested extreme limitation in function, beyond that contemplated by the ALJ's RFC assessment.

The ALJ declined to afford this opinion controlling weight, finding it to be inconsistent with the other credible medical evidence of record. The Court agrees. For example, The ALJ noted it was reasonable to limit Plaintiff's lifting and carrying because of his obesity, shortness of breath, knee pain, venous congestion, and neuropathy, but found that the medical evidence did not support a restriction of lifting ten pounds or less on an occasional basis (Tr. 24). Plaintiff's treatment records only documented some knee tenderness and lower extremity edema (Tr. 23, 319, 291-293, 308, 318-319, 333, 335, 339-340, 386). Plaintiff had numerous musculoskeletal complaints, but physical examinations, including Dr. Mays' report, revealed no muscle weakness, atrophy, motor, sensory, or reflex abnormalities indicative of a debilitating pain or musculoskeletal impairment (Tr. 291, 308, 328. 334, 378). Dr. Mays reported that Plaintiff had full range of motion in all extremities and in the spine, normal strength bilaterally, and that he ambulated without any assistive device (Tr. 308). Dr. Mays noted Plaintiff had no

issues with fine motor skills or difficulty with sitting, standing, or walking (Tr. 308). Based on the evidence of record, the ALJ properly rejected Dr. Janarnden's findings in this area.

In addition, the ALJ found Dr. Janarnden's extreme restriction of 1.5 hours of walking per day was inconsistent with evidence that Plaintiff had a normal gait and strength and did not need an ambulatory aid (Tr. 24). Plaintiff's x-rays revealed no bony abnormalities, fractures, and only slight curvature of the lumbar spine and only some minor osteophyte or bony spur changes, and no acute fractures in his left knee (Tr. 310-311). Thus, the ALJ found that Plaintiff did not have an inability to ambulate effectively, to perform fine and gross movements effectively, or had sustained disturbance of gross and dexterous movements or gait and station (Tr. 21).

As for Dr. Janarnden's findings pertaining to lifting and carrying, the ALJ correctly observed that Dr. Janarnden based her limitations largely on her observation of Plaintiff's shoulder pain, elevated rheumatoid factor, finger stiffness (Tr. 24). The ALJ noted that none of these factors were established by the evidence and Plaintiff did not demonstrate a problem using his hands and arms (Tr. 24).

Given that Dr. Janarnden's opinion is at odds with other medical evidence,

8

the Court's find no error in the ALJ's rejection of it.

As for Plaintiff's contention that it was inappropriate for the ALJ to rely upon the opinion of consultative examiner Dr. Rana Mays, this contention is without merit. In this case, the ALJ was faced with the "not uncommon situation of conflicting medical evidence," and the ALJ, as the trier of fact, properly performed his duty to resolve that conflict. *Richardson v. Perales*, 402 U.S. 389, 399 (1971); *see also Collins v. Comm'r of Soc. Sec.*, 357 F. App'x 663, 670 (6th Cir. 2009) ("It is the ALJ's place, and not the reviewing court's, to resolve conflicts in evidence." (internal quotations omitted)). While the ALJ gave greater weight to the RFC opinion of a consulting examiner (Tr. 23-24), the ALJ explained the basis for his findings (Tr. 27). The ALJ found Dr. Mays' examination was the most detailed in the record and was not inconsistent with any other clinical examination or objective study (Tr. 25). Because Dr. Mays' findings were supported by and consistent with the evidence in the record, the ALJ properly gave significant weight to Dr. Mays' findings (Tr. 24-25).

Plaintiff also contends that remand is warranted in order to consider medical evidence submitted to the Appeals Council, after the ALJ issued his decision.

Sentence six of 42 U.S.C. §405(g) provides:

9

> The court . . . may at any time order additional evidence
> be taken before the Commissioner of Social Security, but
> only upon a showing that there is new evidence which is
> material and that there is good cause for the failure to
> incorporate such evidence into the record in a prior
> proceeding.

42 U.S.C. §405(g). However, the limited circumstances under which remands are permitted arise when the party seeking remand shows that: (1) there is new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant and probative, so that there is a reasonable possibility that it would change the administrative result; and, (3) there is good cause for failure to submit the evidence at the administrative level. *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th. Cir. 1984). While it is not, generally, difficult for a party seeking remand to show that evidence is new, it is, generally, onerous to demonstrate that the new evidence is material.

In the instant case, Plaintiff has failed to show that the new evidence is material. The additional medical evidence covering treatment from February 2011 to February 2012 concerns Plaintiff's heart condition and resulting symptoms. However, the materiality of it is questionable because the ALJ had already considered Plaintiff's peripheral neuropathy when he acknowledged that the evidence established bilateral lower extremity neuropathy, as well as left knee

10

degenerative changes, chronic venous congestion of the lower extremities, and obesity (Tr. 20). It was also considered by the ALJ in an analysis of Plaintiff's degenerative changes in his left knee, bilateral lower extremity neuropathy, chronic venous congestion of the lower extremities, and atrial fibrillation. Indeed, the ALJ found these were severe impairments (Tr. 20, Finding No. 2). Moreover, in his decision the ALJ discussed how Plaintiff complained of heel and lateral foot pain with walking, right greater than the left, and left knee and leg pain beginning in 2009, which he claimed was worsened by sitting, standing, walking, and climbing stairs (Tr. 23, 318-319). Plaintiff reported that because of his pain, he took Percocet more frequently and elevated his legs (Tr. 23, 318-319). It is clear from the ALJ's decision that ALJ has already accounted for Plaintiff's neuropathy and atrial fibrillation in his findings and further considered the limitations caused by Plaintiff's neuropathy and leg pain in formulating the RFC. AS such, the Court finds that the additional evidence is not likely to change the ALJ's decision and is thus, not material. Therefore, remand is not warranted.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion

for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 14th day of March, 2014.



Henry R. Wilhoit, Jr., Senior Judge